UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICK O'MALLEY and ) <br> CHRISTINE O'MALLEY, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v.   ) <br>   ) <br> STATE FARM MUTUAL AUTOMOBILE ) <br> INSURANCE COMPANY, and STATE FARM ) <br> MUTUAL AUTOMOBILE INSURANCE ) <br> COMPANY d/b/a STATE FARM, ) <br>   ) <br> Defendants. ) | CAUSE NO.: 2:22-CV-372-PPS-JPK |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion For Leave To Amend The Complaint [DE 15], filed by Plaintiff Patrick O'Malley and his wife, Christine O'Malley.

## BACKGROUND

Plaintiffs sued the State Farm entities identified in the case caption (hereinafter "State Farm") seeking to recover under an automobile insurance policy issued by State Farm to Plaintiffs for losses Plaintiffs sustained as a result of injuries to Patrick O'Malley in an accident that allegedly resulted from the negligence of an uninsured or underinsured driver. *See* [DE 5 at 2]. The original complaint alleges one count for breach of contract in failing to pay the coverage limit for Patrick O'Malley's bodily injuries and a second count for Christine O'Malley's alleged loss of consortium. The current motion seeks leave of court to file the proposed First Amended Complaint, which Plaintiffs represent seeks to add allegations to support the recovery of attorneys' fees, punitive damages, and prejudgment interest, on the ground that State Farm ""knew for over a year that this was a limits claims yet tendered a frivolous defense and refused to tender policy limits in bad

faith"; failed to respond or counter-offer to Plaintiffs' demand for policy limits, "as required by law"; and acted in "bad faith in dealing with" Plaintiffs' claim." [DE 15].

## DISCUSSION

If a motion to amend is filed after the deadline stated in the Rule 16 pretrial scheduling order the party seeking to amend must show good cause for the amendment. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting Fed. R. Civ. P. 16(b)(4)). Plaintiffs filed their motion seeking leave to amend prior to the deadline in the Rule 16 scheduling order. Therefore, the applicable standard is set forth in Rule 15(a), which states that leave to amend should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Liu v. T&H Mach. Inc.*, 191 F.3d 790, 794 (7th Cir. 1999). "[T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [she] ought to be afforded an opportunity to test [her] claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation omitted). Despite this liberal policy, however, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman*).

In its response to Plaintiffs' motion to amend, State Farm argues that the proposed amendment seeks to both add a claim for bad faith based on the same conduct, transaction, occurrence, or events set out in their original Complaint" *and* a claim based on alleged conduct, transactions, occurrences or events that occurred after the filing of their original Complaint. [DE 20 at 1]. State Farm states that it does not object to the request to amend the complaint to add the bad faith claim based on the same conduct set out in the original complaint. But State Farm opposes any new claim based on post-complaint conduct, which it argues would be properly characterized

2

as a supplemental pleading under Rule 15(d) rather than an amendment under Rule 15(a). State Farm objects to the filing of any supplemental claim on the ground that, although "[t]he standard under Rule 15(d) is 'essentially the same' as that under Rule 15(a)" [*id.* at 3 (quoting *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 n. 3 (D. Del. 2001)), Plaintiffs "do not identify any facts that would support" a new bad faith claim based on post-complaint conduct [*id.*].

Presumably, by these arguments State Farm is attempting to raise a futility defense to the motion. An amendment is futile when "the proposed amendment … could not survive a … motion to dismiss." *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (internal quotation marks and citation omitted). In this way, the "standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)." *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

The proposed First Amended Complaint seeks to add language to Counts I and II of the original complaint concerning State Farm's alleged bad faith. Thus, paragraph 14 of the proposed First Amended Complaint adds allegations that State Farm acted "willfully and in bad faith," while paragraph 17 alleges "willful and wanton conduct" and a "tortious bad faith denial of Plaintiffs' claims." [DE 15-8, ¶¶ 14, 17]. In addition, the proposed First Amended Complaint seeks to add a new Count III alleging breach of the covenant of good faith and fair dealing by engaging in unfair

3

claim settlement practices. [*Id.* ¶ 17-1 through ¶ 22]. As far as the Court can tell, State Farm is not arguing that any of these allegations are futile because they fail to state a claim for relief. *See* [DE 20 at 3 ("[W]hile Defendant believes that a claim for the tort of bad faith would be without merit, due to the liberal standard for amending pleadings, Defendant does not object to Plaintiffs' motion for leave to amend their Complaint to add a claim for the tort of bad faith.")].

Instead, State Farm's argument about post-complaint conduct relates not to any allegation in the proposed First Amended Complaint but to the statement in Plaintiffs' motion that, "[d]uring the litigation process, there has been evidence of unreasonable, vexatious, bad faith and obdurate conduct that would support an award of attorneys' fees and punitive damages." [DE 15 ¶ 15]. State Farm argues in its response that the facts do not support such a claim. [DE 20 at 3-8]. But Plaintiffs refer to supportive facts in their motion. *See* [DE 15 at 3 ("Between December 16, 2022 and January 16, 2023 [after the lawsuit was filed], Plaintiffs sent Defendant copies of liens, tax returns, medical records, and bills that clearly demonstrated Plaintiffs' injuries were many times in excess of State Farm's policy limits[ ].")]. And in any event, the truth of the matters asserted is not before the Court at the present time. All that is at issue is whether Plaintiffs' proposed amended pleading states a claim for relief. State Farm has not presented any argument on that point. In fact, State Farm concedes that Plaintiffs are entitled to amend their complaint to add a bad faith claim. Whether evidence concerning post-complaint conduct is legally relevant to Plaintiffs' bad faith claim is an issue that can be addressed down the line if necessary (either at the summary judgment stage or in ruling on the admissibility of evidence at trial). In short State Farm has not shown that Plaintiffs are attempting to allege a standalone claim for post-complaint bad faith conduct, or that, even if they are, such a claim would be legally insufficient under Rule 12(b)(6).

4

Finally, in their reply brief, Plaintiffs respond to State Farm's argument about post-complaint conduct as follows:

> Plaintiffs are not making a claim pursuant to I.C. § 34-51-1-1 or Fed. R. Civ. P. 11, and Plaintiffs are not seeking attorney's fees and punitive damages for conduct from the litigation, but are seeking punitive damages for Defendants' bad faith in not timely paying policy limits when they had information showing Plaintiffs' damages were well in excess of the policy limits, yet still have refused to tender policy limits despite a demand made almost a year ago.

[DE 22]. The Court cannot say whether Plaintiffs' clarification in their reply brief satisfies State Farm's objection to the proposed amendment, as State Farm has neither withdrawn its opposition nor provided any further guidance on the matter. Accordingly, to the extent that, following Plaintiffs' clarification in their reply brief any disputes remain over the validity of Plaintiffs' proposed amendment, those disputes can be resolved through post-amendment motions practice.

## CONCLUSION

For the reasons discussed above Plaintiffs' Motion For Leave To Amend The Complaint **[DE 15]** is **GRANTED**. Plaintiffs are **ORDERED** to file their First Amended Complaint [DE 15-8] forthwith.

So ORDERED this 9th day of November, 2023.

                                             s/ Joshua P. Kolar
                                             MAGISTRATE JUDGE JOSHUA P. KOLAR
                                             UNITED STATES DISTRICT COURT